IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM G. TOMKO, JR. *trading and doing business as* MISSIONARY PARTNERS, LTD.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BALDWIN BOROUGH, ROBERT FIREK and JASON STANTON,<br><br>*Defendants*. | Civil Action No. 2:20-cv-822<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT

William G. Tomko, Jr. ("Tomko") individually and on behalf of Missionary Partners, Ltd. ("Missionary Partners") (collectively referred to as "Plaintiffs") filed a Complaint in June of 2020 that was subsequently amended in September 2020. (ECF Nos. 1 and 12). Count I (14th Amendment substantive due process), Count II (Pennsylvania substantive due process), and Count III (U.S. Constitutional deprivation of property rights) allege violations of 42 U.S.C. § 1983 against all Defendants. Count IV alleges a civil conspiracy against Defendants Robert Firek and Jason Stanton. Count V[1] is a state law claim for breach of contract against Defendant Baldwin Borough. (ECF No. 10). These claims arise out of actions taken by Defendants with regard to property owned by Missionary Partners in Baldwin Borough. Defendants filed a Motion to Dismiss in October 2020. After briefing concluded, Magistrate Judge Patricia L. Dodge issued a Report and Recommendation that Defendants' motion be granted with respect to

---

[1] This count is incorrectly labeled "Count VI" in Plaintiffs' Amended Complaint. The Court believes this error occurred as a result of the elimination of a municipal liability claim that was labeled as Count V in the original Complaint.

1

all counts. (ECF No. 27). Plaintiffs filed Objections to Magistrate Judge Dodge's report in which they took issue only with the dismissal of Counts I and IV. (ECF No. 28). Defendants then filed a Reply. (ECF No. 29).

Because Plaintiffs have lodged no objections to the recommended dismissal of Counts II, III and V, the Court HEREBY ADOPTS Magistrate Judge Dodge's Report and Recommendation as to those counts as its Opinion. Counts II, III and V will be dismissed with prejudice.

The Court must make a *de novo* determination of those portions of a report to which objections are made – Counts I and IV. 28 U.S.C. § 636(b)(1)(C). *See also Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir. 1987). It may accept, reject, or modify, in whole or in part, the findings or recommendations made by Magistrate Judge Dodge. It may also receive further evidence or recommit the matter to the magistrate judge with instructions. After a review of Plaintiffs' objections, the Court concludes that they are without merit. The Court HEREBY ADOPTS Magistrate Judge Dodge's Report and Recommendation as to Counts I and IV as the opinion of the Court, as supplemented herein.

As to Count I, the facts pled do not create a substantive due process claim. Magistrate Judge Dodge's application of the law governing § 1983 substantive due process claims is correct. More specifically, the Court finds that Plaintiffs have failed to allege conscience-shocking behavior. What "shocks the conscience" is "only the most egregious official conduct." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Plaintiffs have pled a land use regulation dispute – *i.e.*, a delay in acting upon Plaintiffs' Grading Permit Application based on the engineering opinion of Defendant Stanton. Alleging that a stop work order was issued, that the police conducted surveillance of the property, and that Tomko was threatened with enforcement

action if he disobeyed the stop work order, is not such conscience-shocking behavior sufficient to support a claim alleging a deprivation of due process. Even if the stop work order was based on an improper motive, that is not conscience shocking under clear precedent. The Court agrees with Magistrate Judge Dodge that the Amended Complaint fails to include claims of corruption, self-dealing or interference with otherwise constitutionally protected activity at the project site. It is further in accord with Magistrate Judge Dodge's conclusion that, "the Amended Complaint presents grievances raised by a permit applicant that do not rise to the level of conscience-shocking behavior." (ECF No. 27, p. 17). Plaintiffs' allegations fail to state a claim for a deprivation of substantive due process. While it may very well be the case that Plaintiffs cannot remedy their pleading deficits as to Count I, it will nevertheless dismiss this count without prejudice.[2] Plaintiffs will be afforded twenty-one days to file a Second Amended Complaint.

As to Count IV, after conducting an independent *de novo* review, the Court agrees with Magistrate Judge Dodge's application of the law governing § 1983 civil conspiracy claims to this case. "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law 'reached an understanding' to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2018) (citation omitted).[3] It is

---

[2] The Court recognizes that the United States Court of Appeals for the Third Circuit has held that in civil rights cases a court must give a plaintiff the opportunity to amend a deficient complaint when dismissing a case for failure to state a claim – regardless of whether the plaintiff requests to do so – unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Ponte Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2017). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice – Civil § 15.15[4] (2019).

[3] The elements of a claim of conspiracy to violate federal civil rights are that "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs ... any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a

3

axiomatic that a § 1983 conspiracy claim is not actionable without an actual violation of § 1983. *Dykes v. Southeastern Pennsylvania Transp. Authority*, 68 F.3d 1564, 1570 (3d Cir. 1995). The Court agrees with Magistrate Judge Dodge that Plaintiffs have failed to state a claim for deprivation of constitutional rights – they have failed to plead an underlying § 1983 violation. Consequently, a § 1983 conspiracy claim cannot stand.[4] Nevertheless, Count IV will be dismissed without prejudice. Plaintiffs will be afforded twenty-one days to file a Second Amended Complaint.

AND NOW, this **22** day of February 2021, is its HEREBY ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 12) is GRANTED. Counts II, III and V are DISMISSED WITH PREJUDICE. Counts I and IV are DISMISSED WITH PREJUDICE. Plaintiffs have twenty-one days to file a Second Amended Complaint.

BY THE COURT:

*/s/ William S. Stickman IV*

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

citizen of the United States," with the added gloss under § 1983 that "the conspirators act 'under the color of state law.'" *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (*quoting* 42 U.S.C. § 1983). "Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." *Abbott v. Latshaw*, 164 F.3d 141, 147–48 (3d Cir. 1998) (citations omitted).

[4] Defendants have asserted that they could not have conspired together as a matter of law because they were all Borough officials. While it is true that Pennsylvania state law makes clear that "a single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves," *Rutherfoord v. Presbyterian-University Hosp.*, 612 A.2d 500, 508 (Pa. Super. 1992), how the intracorporate conspiracy doctrine applies to civil conspiracy claims brought under § 1983 is a much more complicated inquiry and one that may very well be difficult to resolve at the motion to dismiss stage because, as it is a defense, it requires a factual inquiry. The Court need not delve into an analysis of these issues as Plaintiffs have failed to meet the threshold burden of pleading an underlying § 1983 violation.